Ryan Lee, Esq. (SBN 235879)
Nick J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com

Attorneys for Plaintiff, CHRIS WOODS

# UIN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| CHRIS WOODS,<br><br>             Plaintiff,<br><br>     vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

CHRIS WOODS (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices

- 1 -

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA). According to the RFDCPA, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *Cal. Civ. Code §1788.1(a) – (b).*

3. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

7. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

8. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

9. Plaintiff is a natural person who resides in the San Clemente, Orange County, California and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

10. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

11. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

12. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

13. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

14. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant is placing collection calls to Plaintiff from blocked numbers therefore failing to identify who is calling while seeking and demanding payment for an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

- 4 -

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

    e. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect an alleged debt.

    f. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, CHRIS WOODS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
20. Actual damages,
21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and re-alleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.
24. Defendant violated the RFDCPA based on the following:
    a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without the disclosure of the callers identity.
    b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.
    c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.
    d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.
25. As a direct and proximate result of one or more or all of the statutory

violations above Plaintiff has suffered emotional distress (see Exhibit "C").

WHEREFORE, Plaintiff, CHRIS WOODS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

26. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,
27. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,
28. Actual damages,
29. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and
30. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRIS WOODS, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: February 4, 2009         KROHN & MOSS, LTD.


By:      /s/ Ryan Lee        _

Ryan Lee
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, CHRIS WOODS, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRIS WOODS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-7-9

CHRIS WOODS,
Plaintiff

Case 2:09-cv-00328-JAM-EFB   Document 1   Filed 02/04/09   Page 9 of 10

# **EXHIBIT A**

COMPLAINT AND DEMAND FOR JURY TRIAL

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — YES / **NO**
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — YES / **NO**
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — YES / **NO**
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-7-2008

_____
Signed Name

Chris M. Woods
Printed Name